J-S69006-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GREGORY SCOTT KNAUB | |
| Appellant | No. 106 MDA 2016 |

Appeal from the Judgment of Sentence April 28, 2014
In the Court of Common Pleas of York County
Criminal Division at Nos: CP-67-CR-0005598-2012; CP-67-CR-0005601-2012; CP-67-CR-0005633-2012

BEFORE:  STABILE, DUBOW, and PLATT,[*] JJ.

MEMORANDUM BY STABILE, J.:                    **FILED DECEMBER 30, 2016**

Appellant, Gregory Scott Knaub, appeals from the April 28, 2014 judgment of sentence entered in the Court of Common Pleas of York County ("trial court") following his convictions of criminal mischief, theft, burglary, access device fraud, unlawful restraint, and robbery.  In the brief filed by his counsel in accordance with **_Anders v. California_**, 386 U.S. 738 (1969), Appellant contends he is displeased with his sentence.   His counsel concurrently filed a petition for leave to withdraw.  In response, Appellant filed a _pro se_ brief.  Following review, we grant counsel's petition for leave to withdraw and affirm Appellant's judgment of sentence.

_____

[*] Retired Senior Judge assigned to the Superior Court.

On March 21, 2014, Appellant entered guilty pleas to criminal mischief, theft, burglary, access device fraud, unlawful restraint, and robbery. He was sentenced at each of those docket numbers on April 28, 2014, resulting in an aggregate sentence of 14½ to 29 years of imprisonment. After having his direct appellate rights reinstated via a PCRA petition, Appellant filed the instant appeal on January 19, 2016. Appellant filed a 1925(b) statement on February 5, 2016, and the trial court issued a 1925(a) opinion on February 24, 2016.

Appellant's counsel filed, in this Court, a petition to withdraw as counsel and an **Anders** brief, wherein counsel raises one issue for our review:

> I.   Whether the Appellant's appeal contending the trial court imposed an excessive sentence is wholly frivolous and without arguable merit within the meaning of **Anders v. California**, 368 U.S. 728 (1967); **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981); and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).

**Anders** Brief at 5. Appellate counsel filed his **Anders** brief on April 6, 2016, along with an application to withdraw as counsel. This Court issued an order directing Appellate counsel to comply with the letter of rights pursuant to **Commonwealth v. Millisock**, 873 A.2d 748 (Pa. Super. 2005). Appellate counsel filed an amended application to withdraw on April 15, 2016. This Court entered an order on April 19, 2016, granting Appellant the opportunity to respond to counsel's **Anders** Brief within thirty days. Appellant filed a reply to counsel's **Anders** brief on May 6, 2016.

- 2 -

Before this Court can review the merits of the underlying issues, we must first address counsel's petition to withdraw. ***Commonwealth v. Goodwin***, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). In order for court-appointed counsel to withdraw, counsel must

> (1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; (2) file a brief referring to anything that arguably might support the appeal but which does not resemble a "no-merit" letter or amicus curiae brief; and (3) furnish a copy of the brief to the defendant and advise the defendant of his or her right to retain new counsel or raise any additional points that he or she deems worthy of the court's attention.

***Commonwealth v. Lilley***, 978 A.2d 995, 997 (Pa. Super. 2009) (quoting ***Commonwealth v. Rojas***, 874 A.2d 638, 639 (Pa. Super. 2005)).

Upon review, we conclude counsel has satisfied the procedural requirements set forth in ***Anders***. In the petition, counsel explains his conclusion that the issues sought to be raised by Appellant are wholly frivolous.[1] After this Court's April 7, 2016 order, counsel sent a copy of the ***Anders*** brief to Appellant. Appellant was advised of his right to retain new counsel or act on his own behalf after receiving this Court's order of April 19, 2016. Subsequently, Appellant filed a reply to counsel's ***Anders*** brief on May 6, 2016.

---

[1] While counsel's letter incorrectly cites to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988) and ***Commonwealth v. Finley***, 550 A.2d 213, (Pa. Super. 1988), he has substantially complied with the procedural requirements of ***Anders***.

Next, this Court must first address whether counsel's *Anders* brief satisfies the following substantive requirements:

(1) provide a summary of the procedural history and facts, with citations to the record;

(2) refer to anything in the record counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

In the *Anders* brief, counsel has included a statement of the case that includes a procedural history of the case. *Anders* Brief at 6. Counsel has complied with the first requirement.

The second required element of an *Anders* brief is reference to anything in the record that counsel believes arguably supports the appeal. *See Santiago*, 978 A.2d at 361. Here, counsel raises the question of whether the trial court abused its discretion when it sentenced Appellant to consecutive sentences and did not consider his age as a mitigating factor. *Anders* Brief at 8-10. Again, counsel notes Appellant "complains because the sentences were nearly all run consecutive to one another, he will most likely spend the remainder of his life in prison." *Id.* at 9. Counsel, therefore, has satisfied the second *Anders* requirement.

The third element of *Anders* requires counsel to state his conclusion that the appeal is frivolous, which counsel complied with in his brief. *Id.* at

11. The final element of **Anders** requires counsel to provide his reasons for concluding that the appeal is frivolous. **Santiago**, 978 A.2d at 361. Counsel complied with this requirement and satisfied the final prong of the **Anders** test. **Anders** Brief at 8-10.

We find counsel has satisfied the requirements for a petition to withdraw. He complied with the briefing requirements, as explained above. Appellant was advised of his right to retain substitute counsel or to proceed *pro se* to bring any attention points to this Court's attention, which he did by filing a reply brief.

We note that Appellant has filed a response to the petition to withdraw in the form of a *pro se* brief. In the brief, he asserts the trial court failed to consider his age, his Wilson's disease, or a sentence of probation when it sentenced him to 14½ to 29 years. Appellant's *Pro Se* Brief at 4. Appellant contends that this is tantamount to a sentence of life imprisonment.

As reflected above, we have determined that counsel has satisfied the technical requirements of **Anders** and **Santiago**. After determining that the technical requirements are satisfied, it is generally incumbent upon this Court to "conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." **Commonwealth v. Flowers**, 113 A.3d 1246, 1250 (Pa. Super. 2015) (citations and footnote omitted). However, as recognized in **Commonwealth v. Bennett**, 124 A.3d 327 (Pa. Super. 2015):

> By filing a *pro se* response, as in this case, or hiring private counsel, the appellant has essentially filed an advocate's brief. It is well-settled that when an advocate's brief has been filed on behalf of the appellant, our Court is limited to examining only those issues raised and developed in the brief. We do not act as, and are forbidden from acting as, appellant's counsel. Accordingly, our independent review is logically limited in the situation presented herein. If we conduct an independent review of the entire record, and conclude that there are no non-frivolous issues to be found anywhere therein, we have rendered the appellant's right to proceed *pro se* or to hire private counsel, meaningless. There would be no point in allowing a *pro se* or counseled filing if we had already determined any issue raised therein was frivolous.

*Id.* at 333. Therefore, we limit our review to the issue raised in the **Anders** brief after which we review the *pro se* brief as we would review any advocate's brief. **Id.**

Based upon our review, we find the claim raised by counsel in the **Anders** brief to be frivolous. Likewise, Appellant's argument in his *pro se* brief is frivolous. At sentencing, the trial court noted Appellant's lengthy criminal history, the information in the pre-sentence investigation report,[2] and listened to the statements made by the Commonwealth, defense counsel, Appellant, and one of the victims before fashioning the sentence.

---

[2] The trial court had the benefit of a pre-sentence investigation report, which must address a number of factors including the age, and medical history of the Appellant. **See Commonwealth v. Flowers**, 950 A.2d 330, 333 n.2 (Pa. Super. 2008). Therefore, the trial court properly considered Appellant's age as well as his Wilson's disease in fashioning the sentence imposed.

**See** N.T. Sentencing 4/28/2014, at 5, 8.[3]  The trial court did not abuse its discretion when it sentenced Appellant in the standard range and adequately discussed its reasons for sentencing.  **See** N.T. Sentencing, 4/28/2014, at 5; **see also** N.T. Reconsideration of Sentence, 5/21/2014, at 7.  Therefore, Appellant is not entitled to relief.

Counsel's petition to withdraw granted.  Judgment of sentence affirmed.


Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/30/2016

_____

[3] Appellant's challenge is to the discretionary aspects of sentencing, which requires compliance with Pa.R.A.P. 2119(f); however, due to the unique posture of this case, this Court will not find Appellant's claim waived.  **See Commonwealth v. Zeigler**, 112 A.3d 656, 661 (Pa. Super. 2015) ("Where counsel files an **Anders** brief, this Court has reviewed the matter even absent a separate Pa.R.A.P. 2119(f) statement.").